UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| JEREMIAH WILLIAM BALIK, | Case No.: 2:22-cv-00679-CDS-VCF |
| Plaintiff, | ORDER |
| v. | [ECF Nos. 5, 7, 13] |
| COUNTY OF VENTURA, *et al.*, | |
| Defendants. | |

This matter comes before the Court on Defendant County of Ventura's Motion to Dismiss (ECF No. 5), Plaintiff's Motion for Default Judgment (ECF No. 7), and Defendant's Motion to Stay Discovery (ECF No. 13). The Court has reviewed the relevant record and finds these matters suitable for decision without oral argument. *See* Fed. R. Civ. P. 78(b). For the reasons explained below, County of Ventura's Motion to Dismiss is GRANTED, Plaintiff's Motion for Default Judgment is DENIED, and Defendant County of Ventura's Motion to Stay is DENIED as moot.

I.     Relevant Procedural History

This action was removed by the County of Ventura, California ("the County") from the Eighth Judicial District Court, Clark County, Nevada on April 25, 2022. ECF No. 1. The Complaint is yet another in a series of similar, but unrelated filings by Plaintiff, that alleges numerous constitutional and statutory claims against several defendants. In this case, the allegations are lodged against the County, 99th Security Forces/Nellis AFB, and BMO Harris Bank, NA. *See generally* ECF No. 1 at Exhibit A.

On May 2, 2022, the County of Ventura filed a motion to dismiss. ECF No. 5. Plaintiff filed his response to the motion to dismiss on May 5, 2022. ECF No. 9. The County of Ventura filed a reply on May 12, 2022 (ECF No. 10), and without court permission, Plaintiff also filed a reply on the same date. ECF No. 11.

On May 24, 2022, the County of Ventura filed a motion to stay discovery pending the outcome of the outstanding motion to dismiss. ECF No. 13.

II.     Background Information

On February 24, 2020, United States District Court Judge Richard F. Boulware, II, entered an order (hereinafter "the Pre-Filing Order") deeming Plaintiff Jeremiah William Balik a vexatious litigant and entered a Pre-Filing Order. *See Balik v. City of Torence*, No. 2:18-CV-02174-RFB-EJY, 2020 WL 907559 (D. Nev. Feb. 25, 2020), *aff'd sub nom. Balik v. City of Torrance*, 841 F. App'x 21 (9th Cir. 2021). The Pre-Filing Order considered the *De Long*[1] factors to determine if that Plaintiff qualifies as a vexatious litigant. *Id.* at *5-8. The Order found that the *De Long* factors were met, and in accordance with the fourth factor, entered a narrowly tailored pre-filing order. *Id.* at 8. In relevant part, the Pre-Filing Order states that Plaintiff "may not file in the District of Nevada: 1) civil rights complaints; 2) complaints asserting harassment; 3) complaints asserting employment discrimination…without first obtaining permission from the Magistrate Judge assigned to his case." *Id.* The Pre-Filing Order dismissed that action against all Defendants with prejudice. *Id.* at 9.

In 2021, Plaintiff filed another action in the District of Nevada. *See* No. 2:21-cv-1661-APG-NJK. In that case, the Magistrate Judge issued an order to show cause why the action should not be dismissed for failing to comply with Judge Boulware's Pre-Filing order. *See id.* at ECF No. 3.

---

[1] *De Long v. Hennessey*, 912 F.2d 1144, 1148 (9th Cir. 1990).

On September 21, 2021, the Magistrate Judge issued a Report and Recommendation that the Plaintiff's action be dismissed for failing to comply with the Pre-Filing Order, *id.* at ECF No. 7, which was adopted in its entirety by United States District Court Judge Andrew P. Gordon. *Id.* at ECF No. 19. As a result, that case was dismissed. *Id.* at 2.

Also in 2021, Balik filed yet another action. Like this case, that action was initially filed in the Eighth Judicial District Court and was removed to Federal Court by a Defendant. *See Balik v. City of Las Vegas, et al.*, No. 2:21-cv-01701-RFB-NJK, 2022 WL 1605125 (D. Nev. May 19, 2022). Also like this case, that complaint alleged civil rights and related violations against a number of Defendants. Less than 10 days ago that action was dismissed. *See, id.* (Dismissal Order). The dismissal Order did not address Plaintiff's violation of the Pre-Filing Order, but nonetheless dismissed the action because Balik failed to comply with an order staying the case pending resolution of other motions. *Id.* at *2 ("The Court finds that Plaintiff has flagrantly disregarded the Court's December 30 order such that the sanction of dismissal is warranted.").

### III. Defendant County of Ventura's Motion to Dismiss

Defendant County of Ventura moves to dismiss this action for four reasons: (1) Plaintiff's complaint violates the Pre-Filing Order; (2) that any allegations set forth in the complaint are barred by application statute of limitations; (3) that this Court lacks personal jurisdiction over the defendant; and (4) lack of sufficient process of service. ECF No. 5. Plaintiff's response to the motion fails to address the allegations set forth in the Motion to Dismiss. Instead, the 63 pages response provides additional evidence regarding why Judge Boulware entered the Pre-Filing Order. The response filing is difficult to discern, contains handwritten conclusions and statements, includes documents unrelated to this action, and includes accusations and claims that have been previously raised and dismissed in other cases.

IV. Discussion

As a threshold matter, I find that Judge Boulware's Pre-Filing Order is applicable to this case. "District courts have the inherent power to file restrictive pre-filing orders against vexatious litigants with abusive and lengthy histories of litigation. *Weissman v. Quail Lodge, Inc.*, 179 F.3d 1194, 1197 (9th Cir. 1999), citing *De Long*, 912 F.2d at 1147. "Such pre-filing orders may enjoin the litigant from filing further actions or papers unless he or she first meets certain requirements, such as obtaining leave of the court or filing declarations that support the merits of the case." *Id.* Judge Boulware entered the Pre-Filing Order because Plaintiff has filed over 20 actions[2] in state and federal courts alleging facts that are not only difficult to discern but are also frivolous and harassing. *See Balik*, No. 2:18-CV-02174-RFB-EJY, 2020 WL 907559 at *8.

Since that Pre-Filing Order was entered, Plaintiff has filed two additional actions with the similar problems identified by Judge Boulware, and the numerous jurists that addressed Plaintiff's myriad of other cases. Defendant County of Ventura argues that Plaintiff filed this action in the Eighth Judicial District Court to circumvent Judge Boulware's Pre-Filing Order. ECF No. 5 at 8-10. I agree. This complaint prays for relief based on allegations of civil rights violations and breach of a contract. The Pre-Filing Order specifically states the Plaintiff **shall not** file civil rights complaints or complaints asserting harassment. In clear violation of the Pre-Filing Order, the complaint is replete with allegations of civil rights violations and harassment complaints. *See generally* ECF No. 1 at Exhibit A. The complaint also contains other difficult to discern or comprehend allegations. *Id.*

. . .

---

[2] *See Balik*, No. 2:18-CV-02174-RFB-EJY, 2020 WL 907559 at *5-8 (discussing Plaintiff's numerous lawsuits).

      Accordingly, I dismiss this action because it is a violation of the Pre-Filing Order and is both harassing and vexatious. In doing so, I apply the sound reasoning set forth in *Sassower v. Abrams*, 833 F. Supp. 253 (S.D.N.Y. 1993). The Plaintiff in S*assower* was subject to a federal injunction designed to stop his abuse of the judicial system. *Id.* at 255-256. The Plaintiff initiated a new action in state court after the issuance of the injunction and Defendants removed the case to federal court. The Court found that while the initial lawsuit was not subject to the injunction because it initiated in state court and was subsequently removed, the "[the plaintiff] should not be able to use the defendants' removal of these actions as an opportunity to thwart the clear intent of the [injunction orders] by renewing his frivolous and vexatious litigation in this Court." *Id.* at 267. Like the vexatious litigant in *Sassower*, Plaintiff is not allowed to circumvent Judge Boulware's Pre-Filing Order by filing an action in a state court.

      By dismissing this case, the County of Ventura's right to remove the action to federal court is preserved and at the same time Plaintiff is prevented from attempting to circumvent the Pre-Filing Order. Further, the Plaintiff suffers no prejudice from this dismissal. If Plaintiff had filed his lawsuit in this Court at the outset, it would have likewise been dismissed for failing to comply with the Pre-Filing Order.

      Because I am dismissing this entire action for failure to comply with the Pre-Filing Order, I do not reach a decision on the other arguments set forth in the County of Ventura's motion to dismiss and deny them as moot. Also, because I am dismissing this action, I DENY Plaintiff's Motion for Default Judgment (ECF No. 7). Finally, Defendant County of Ventura's Motion to Stay is DENIED (ECF No. 13) as moot.

. . .

. . .

. . .

V. Conclusion

For the reasons set forth in this Order, this action is dismissed. Plaintiff *must* comply with the Pre-Filing Order issued by Judge Boulware.

IT IS HEREBY ORDERED that Defendant County of Ventura's Motion to Dismiss (ECF No. 5) is GRANTED. This action is dismissed for Plaintiff's failure to comply with the February 25, 2020 Pre-Filing Order entered in *Balik v. City of Torence*, No. 2:18-CV-02174-RFB-EJY (D. Nev).

IT IS FURTHER ORDERED that Plaintiff's Motion for Default Judgment (ECF No. 7) is DENIED.

IT IS FURTHER ORDERED that Defendant County of Ventura's Motion to Stay Discovery (ECF No. 13) is DENIED at moot.

The Clerk of the Court is directed to close this case.

IT IS SO ORDERED.

DATED this 27th day of May, 2022.

_____
Cristina D. Silva
United States District Court Judge