UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| JEREMIAH WILLIAM BALIK<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>COUNTY OF VENTURA, 99TH SECURITY FORCES/NELLIS AFB, BMO HARRIS BANK, NA,<br><br>　　　　　Defendants. | Case No. 2:22-cv-00679-CDS-VCF<br><br>**Order Granting Defendant County of Ventura's Motion for Attorneys' Fees** |

Presently before the court is the matter of *Balik v. County of Ventura et al.*, No. 2:22-cv-00679-CDS-VCF. Defendant County of Ventura moves for a grant of attorneys' fees incurred in their defense from Plaintiff Jeremiah William Balik's civil rights lawsuit. ECF No. 22. For the reasons explained below, County of Ventura's Motion for Attorneys' Fees is GRANTED.

I.   Relevant Background Information

On February 24, 2020, United States District Court Judge Richard F. Boulware, II, entered an order (hereinafter "the Pre-Filing Order") deeming Plaintiff a vexatious litigant. *Balik v. City of Torence*, No. 2:18-CV-2174-RFB-EJY, 2020 WL 907559 (D. Nev. Feb. 25, 2020), *aff'd sub nom. Balik v. City of Torrance*, 841 F. App'x 21 (9th Cir. 2021). The Pre-Filing Order stated that Plaintiff could not file certain lawsuits in the District of Nevada without first obtaining permission from the Magistrate Judge assigned to his case. *Id.* at *5-8. Despite that mandate, Plaintiff filed in state court and removed to federal court the instant action, possibly to contravene the Pre-Filing Order. *See* ECF No. 17. I found Judge Boulware's Pre-Filing Order to be

applicable to this case and dismissed Plaintiff's lawsuit. *Id.* at 5. I further found that Plaintiff's action was "a violation of the Pre-Filing Order and [was] both harassing and vexatious." *Id.* Defendant County of Ventura then moved for attorneys' fees on June 13, 2022. ECF No. 22. Balik responded the same day. ECF No. 23.

## II. Discussion

### i. *Defendant's Motion Conforms to the Legal Standard for Attorneys' Fees*

A prevailing civil rights defendant is entitled to a fee award "only where the action brought is found to be unreasonable, frivolous, meritless, or vexatious." *Edgerly v. City & Cnty. of San Francisco*, 599 F.3d 946, 962 (9th Cir. 2010) (internal quotations omitted). Where a court finds "no legal or factual basis" for a civil rights plaintiff's claims, a court may grant fees to the prevailing defendant. *See Christiansburg Garment Co. v. E.E.O.C.*, 434 U.S. 412, 420 (1978). This Court's findings in its Order granting Defendant's motion to dismiss found that Balik had no legal basis for his claims and that Balik's action was frivolous, meritless, or vexatious. *See* Order, ECF No. 17 at 4-5 (Balik has violated the pre-filing order imposed due to his status as a vexatious litigant, Balik's filing of the present action was "both harassing and vexatious", and Balik had filed in state court to "thwart the clear intent" of the pre-filing order).

Consequently, Balik's conduct rises to a level of vexatiousness warranting imposition of reasonable attorneys' fees. The court should only award attorneys' fees that it deems reasonable. *Moreno v. City of Sacramento*, 534 F.3d 1106, 1111 (9th Cir. 2008). Reasonableness is generally determined using the "lodestar" method, where a court considers the work completed by the attorneys and multiplies the number of hours reasonably expended on the litigation by the reasonable hourly rate. *Morales v. City of San Rafael*, 96 F.3d 359, 363 (9th Cir. 1996). After making that computation, the court then assesses whether it is necessary to adjust the presumptively

reasonable lodestar figure based on the factors[1] that are not already subsumed in the initial lodestar calculation. *Id.* Among the subsumed factors presumably considered in either the reasonable hours component or the reasonable rate component of the lodestar calculation is: "(1) the novelty and complexity of the issues, (2) the special skill and experience of counsel, (3) the quality of representation, (4) the results obtained, and (5) the contingent nature of the fee agreement." *Morales*, 96 F.3d at 364, n.9 (internal quotations and citations omitted).

Adjustments are proper only in rare and exceptional cases. *Fifty-Six Hope Road Music, Ltd. v. A.V.E.L.A., Inc.*, 915 F. Supp. 2d 1179, 1188 (D. Nev. 2013) (citing *Jordan v. Multnomah Cnty.*, 815 F.2d 1258, 1262 (9th Cir. 1987). Adjusting the lodestar because of subsumed reasonableness factors after the lodestar has been calculated, instead of adjusting the reasonable number of hours or reasonable hourly rate at the first step, i.e., when determining the lodestar, is a disfavored procedure. *Corder v. Gates*, 947 F.2d 374, 378 (9th Cir. 1991). However, if the district court only makes one adjustment per factor, either before or after the lodestar calculation, the Ninth Circuit has found such an error to be harmless. *Morales*, 96 F.3d at 364, n.9 (citing *Cabrales v. County of Los Angeles*, 864 F.2d 1454, 1465 (9th Cir. 1988), *reinstated*, 886 F.2d 235 (1989), *cert. denied*, 494 U.S. 1091 (1990)).

   ii.  *Defendant's Attorneys Have Demonstrated a Reasonable Hourly Rate*

The court determines a reasonable hourly rate by reference to the "prevailing market rates in the relevant community" for an attorney of similar experience, skill, and reputation. *Gonzalez v. City of Maywood*, 729 F.3d 1196 (9th Cir. 2013). The relevant community generally is

---

[1] The *Kerr* factors include: (1) the time and labor required; (2) the novelty and difficulty of the questions involved, (3) the skill requisite to perform the legal service properly, (4) the preclusion of other employment by the attorney due to acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or the circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation, and ability of the attorneys, (10) the 'undesirability' of the case, (11) the nature and length of the professional relationship with the client, and (12) awards in similar cases. *Kerr v. Screen Extras Guild, Inc.*, 526 F.3d 67, 70 (9th Cir. 1975).

"the forum in which the district court sits." *Prison Legal News v. Schwarzenegger*, 608 F.3d 446, 454 (9th Cir. 2010). "For the Las Vegas market, this court has regularly awarded fees where the hourly rates at issue were between $250 and $400." *Scott v. Smith's Food and Drug Ctr., Inc.*, No. 2:18-cv-303-JCM-VCF, 2020 WL 343642, at *2 (D. Nev. Jan. 21, 2020) (compiling cases).

The relevant community at issue is Las Vegas, Nevada. Defendant's counsel includes G. Mark Albright, whose hourly rate is $450, Jorge L. Alvarez, whose hourly rate is $350, Daniel R. Ormsby, whose hourly rate is $350, Kegan M. Monks, whose hourly rate is $350, and unnamed paralegals, whose hourly rate is $100. ECF No. 22 at 7. While Mr. Albright's $450 hourly rate might exceed Las Vegas norms, he has volunteered in his pleading to accept a reduced rate of $400 as "a reasonable compensation." *See* ECF No. 22 at 7 ("Attorney G. Mark Albright's rate of $400.00 per hour as lead counsel is a reasonable compensation…"). Given that reduction, these rates are exactly in line with what courts have found reasonable in the Las Vegas market.

        iii.    *Defendant's Attorneys Expended a Reasonable Amount of Hours*

The requesting party "has the burden of submitting billing records to establish that the number of hours it has requested are reasonable." *Gonzalez*, 729 F.3d at 1202. The court should exclude from the lodestar calculation hours that were not "reasonably expended," including hours that are "excessive, redundant, or otherwise unnecessary." *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983). The court has "a great deal of discretion" in determining the reasonableness of the fee, "including its decision regarding the reasonableness of the hours claimed by the prevailing party." *Prison Legal News*, 608 F.3d at 453. A district court may reduce the amount of requested fees to reflect a party's limited degree of success, to account for block billing, or to deduct hours deemed excessive if it provides an adequate explanation for its fee calculation. *Ryan v. Editions Ltd. W. Inc.*, 786 F.3d 754, 763 (9th Cir. 2015).

I find no such factors in the present case, as defense counsel enjoyed a complete, rather than limited, success by dismissing the charges brought against their client. Defense counsel further did not submit large, unexplained "blocks" of hours in their billing calculation. *See* ECF No. 22, Ex. C. Mr. Albright submitted 47.10 hours of work; at his discounted rate of $400 per hour, that calculates to $18,840.[2] Mr. Alvarez submitted 0.5 hours of work; at his rate of $350 per hour, that calculates to $175. Mr. Ormsby submitted 41.70 hours of work; at his rate of $350 per hour, that calculates to $14,595. Mr. Monks submitted 3.70 hours of work; at his rate of $350 per hour, that calculates to $1,295. Finally, the paralegals submitted 3.70 hours of work; at their rate of $100 per hour, that calculates to $370.

As a result, I find that both the hourly rates of the professionals and the total number of hours worked to be reasonable, sum the totals *supra*, and calculate an initial lodestar amount of $35,275.00 in attorneys' fees. The departure downward from Defendant's request of $37,630.00 reflects Defendant's admission that Mr. Albright's "rate of $400.00 per hour…is a reasonable compensation" (ECF No. 22 at 7) in addition to Defendant's miscalculation of 0.3 of Mr. Albright's total hours.

Plaintiff's response does not argue that Defendant's request is unreasonable. Neither Defendant's motion (ECF No. 22) nor Plaintiff's response (ECF No. 23) mention specific factors that might be used to justify a modification of the amount.

However, after considering the totality of evidence in the record, I find that the sum of $35,275.00 should be modified in accordance with some of the subsumed *Kerr* factors based on

---

[2] Defendant's Motion for Attorneys' Fees incorrectly calculates 47.40 hours of Mr. Albright's time at a rate of $450.00 to equal $21,195.00. ECF No. 22 at 7. A calculator verifies that 47.40 hours at a rate of $450.00/hour equals $21,330.00. The difference of $135.00 reflects a mistaken addition of exactly 0.3 hours. Given the discrepancy between the stated number of hours and the stated total fee, this Court will presume that Mr. Albright completed 47.10 hours of work, not 47.40 hours as alleged in Defendant's motion.

the discretion afforded to district courts in determining reasonable attorneys' fees.[3] Specifically, my decision is based on the "novelty and difficulty of the questions involved" and the "skill requisite to perform the legal service properly." *Kerr*, 526 F.3d at 70.

The underlying lawsuit in the present case was subject to a strict pre-filing order entered by Judge Boulware. ECF No. 17 at 5. The lawsuit was initiated by Plaintiff filing his operative complaint on Mar. 23, 2022, in state court. ECF No. 22 at 6. The lawsuit was dismissed on May 27, 2022, because Plaintiff failed to adhere to the pre-filing order. ECF No. 17. The court notes that this case concerned frivolous claims and was adjudicated to completion in less than two months. It did not involve any novel or complicated issues of fact or law. While Defense counsel succeeded in obtaining their client's desired result, the nature of this case did not require significant or specialized skills "to perform the legal service properly." *Kerr*, 526 F.3d at 70. Other courts in this district have cut initial lodestar figures by up to 70% in cases that were not particularly difficult to litigate. *See, e.g., Cervantes v. Emerald Cascade Restaurant Sys., Inc.*, 2013 WL 3878692, at *10 (D. Nev. July 25, 2013) (reducing lodestar amount of $50,875 to $15,000 based on *Kerr* factors, including lack of novelty and difficulty of questions involved). Here, the lodestar calculation should be reduced by 66% based on my analysis *supra*. I award Defendant County of Ventura $12,000.00 in attorneys' fees.

. . .

. . .

. . .

. . .

---

[3] Despite reduction of the lodestar amount based on subsumed *Kerr* factors being disfavored, *Corder*, 947 F.2d at 378, I make only one post-lodestar adjustment based on two of the *Kerr* factors analyzed in this case. I adjust the lodestar figure because, even though Defendant's counsel has pled a reasonable number of hours and reasonable hourly rates, the "subsumed" *Kerr* factors marshal in favor of a reduced award compared to the output mechanically calculated by the lodestar calculation.

III.   Conclusion

Based on the foregoing reasons, IT IS THEREFORE ORDERED that Defendant's motion for attorneys' fees (ECF No. 22) is granted.

IT IS FURTHER ORDERED that Defendant County of Ventura be awarded $12,000.00 in attorneys' fees.

IT IS SO ORDERED.

DATED this June 29, 2022

_____
Cristina D. Silva
United States District Judge